

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00194-CR

RODREKUS KENTRELL CEASAR, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 29217

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

Rodrekus Kentrell Ceasar pled guilty to possessing less than one gram of eutylone, a penalty group 2 controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.103(a)(4)(B) (Supp.). As a result, the trial court found Ceasar guilty of this state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.116(b). Pursuant to a plea-bargain agreement with the State, the trial court sentenced Ceasar to twenty-four months' confinement in state jail but suspended the sentence in favor of placing Ceasar on community supervision for three years. When the State filed its first revocation motion, the trial court modified the terms and conditions of Ceasar's community supervision to require him to perform community service "on the last Saturday of each month" and "to provide not less than 10 submitted applications" every two weeks "until he [became] gainfully employed." The State's second revocation motion, at issue here, alleged that Ceasar violated those modified terms and conditions.

At the revocation hearing, Ceasar pled true to the allegations in the State's motion to revoke his community supervision. Accordingly, the trial court found the allegations true and sentenced Ceasar to twenty-four months' confinement in state jail. Ceasar appeals.

Ceasar's attorney filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.

Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On January 18, 2024, counsel mailed to Ceasar copies of the brief, the appellate record, and the motion to withdraw. Counsel informed Ceasar of his rights to review the record and file a pro se response. By letter dated January 17, this Court informed Ceasar that any pro se response was due on or before February 16. On February 26, this Court further informed Ceasar that the case would be set for submission on the briefs on March 18. Ceasar filed neither a pro se response nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *See id.*

We affirm the judgment of the trial court.[1]

                                              Scott E. Stevens
                                              Chief Justice

Date Submitted:     March 18, 2024
Date Decided:       April 1, 2024

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.